UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E'JAI BEY,<br><br>       Plaintiff,<br><br>  -against-<br><br>MITCHELL KATZ; RACHEL KATZ,<br><br>       Defendants. | 22-CV-69940 (LTS)<br><br>ORDER DIRECTING PAYMENT OF FEES OR AMENDED IFP APPLICATION |

LAURA TAYLOR SWAIN, United States District Judge:

  Plaintiff E'Jai Bey brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

  Plaintiff submitted an IFP application, but he does not fully answer the questions pertaining to his financial situation. Plaintiff fails to answer question 2 which asks Plaintiff to provide his employer's name and address, if employed. Plaintiff does, however, indicate that his gross monthly wages are "0.00," and that his take-home pay or wages are "0.00." (ECF No. 1 at 1.) In question 3, Plaintiff indicates that in the past 12 months, he has not received income from any of the listed sources. In question 4, he indicates that he has "0.00" in the bank, and his response for question 5 is, "In Forma Pauprius [sic]." (*Id.* at 2.) Plaintiff's answer to questions 6 through 8 is, "I.F.P." Because Plaintiff fails to supply sufficient information explaining any sources of income and how he pays his expenses, it is unclear whether Plaintiff has sufficient funds to pay the filing fees for this action. The Court is therefore unable to make a ruling on Plaintiff's IFP application.

Within 30 days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit an amended IFP application. Plaintiff must answer all questions as they pertain to his current financial situation. If Plaintiff submits the amended IFP application, it should be labeled with docket number 22-CV-6994 (LTS), and address the deficiencies indicated above by providing facts to establish that he is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 30, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge